NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEWART LIGGON,<br><br>       Plaintiff,<br><br>    v.<br><br>SIMMONS PET FOOD and SHEILA CAMPBELL,<br><br>       Defendants.<br><br>STEWART LIGGON,<br><br>       Plaintiff,<br><br>    v.<br><br>EEOC PHILA OFFICE and MS. YALLEJO-BENUS et al.<br><br>       Defendants.<br><br>STEWART LIGGON,<br><br>       Plaintiff,<br><br>    v.<br><br>UNITED FOOD & COMMERCIAL WORKERS UNION,<br><br>       Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action Nos.<br>15-1472 (JBS-AMD), 15-1473 (JBS-AMD), 15-1474 (JBS-AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

    In these matters, pro se Plaintiff Stewart Liggon, who was fired from his job at Simmons Pet Food on January 30, 2014 after he went home sick, alleges that he was terminated due to his

disability and race. He has filed three actions against three different parties with each Complaint stemming from the same set of facts. This Court has broad discretion to consolidate matters involving common questions of law or fact, see Fed. R. Civ. P. 42(a), and will address these Complaints together in this Opinion because the actions raise common questions of law and fact and joint treatment would promote the value of judicial economy. See In re Womack, 450 Fed. App'x 159, 161 (3d Cir. 2011); In re Lucent Tech. Inc. Sec. Litig., 221 F. Supp. 2d 472, 480 (D.N.J. 2001); Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp., 149 F.R.D. 65, 79 (D.N.J. 1993). Thus, Liggon v. Simmons Pet Food et al., No. 15-cv-1472 (JBS-AMD); Liggon v. EEOC Phila Office et al., No. 15-1473 (JBS-AMD); and Liggon v. United Food & Commercial Workers Union, No. 15-1474 (JBS-AMD), will be addressed together as each arises out of Mr. Liggon's termination of employment in 2014. Because Plaintiff seeks to bring these actions in forma pauperis, the Court has an obligation to screen the complaints under 28 U.S.C. § 1915(e)(2). The Court finds as follows:

  1. Because Plaintiff's application affidavit states that he is indigent, the Court will, pursuant to 28 U.S.C. § 1915, permit the Complaints to be filed without prepayment of fees, and will direct the Clerk of Court to file the Complaints.

  2. 28 U.S.C. § 1915(e)(2)(B) requires the Court to review Plaintiff's Complaints and dismiss sua sponte any claim that is

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Under Federal Rule of Civil Procedure 8, a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To prevent a summary dismissal, a complaint must allege sufficient factual matter, accepted as true, to show that the claim is plausible on its face. A facially plausible claim is one that would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d cir. 2009) (citing Iqbal, 556 U.S. at 678). In determining the sufficiency of a pro se complaint, the Court must construe it liberally in favor of the plaintiff. United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The court will not credit legal conclusions or "recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678; see also Santiago v. Warminster Tp., 629 F.3d 121, 128 (2010).

3

3.   Having reviewed Plaintiff's Complaints, the Court finds that they fail to conform to Federal Rule of Civil Procedure 8(a) and fail to state a claim upon which relief may be granted and are thus to be dismissed under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

4.   Rule 8(a)(1) requires a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. Pro. 8(a)(1). The Court may dismiss a complaint that lacks such a statement. Jackson v. Sec'y Pa. Dept. of Corr., 438 Fed. Appx. 74, 75 (3d Cir. 2011) (affirming district court's dismissal of pro se plaintiff's complaint in part because it lacked a short and plain statement of the court's jurisdictional grounds). Because Plaintiff Liggon has stated no grounds for the court's jurisdiction, the Complaints must be dismissed for failure to comply with Rule 8(a)(1). Rhett v. New Jersey State Superior Court, 260 Fed. App'x 513, 515 (3d Cir. 2008); Benvenuto v. Conn. Gen. Life Ins. Co., 678 F.Supp. 469, 471 (D.N.J. 1988).

5.   Plaintiff's Complaints also require dismissal under Rule 8(a)(2) because they fail to state a claim upon which relief may be granted. Plaintiff attaches an identical one-page recitation of facts in each case. He alleges that he was "not feeling well" while at work on January 30, 2014, and told

4

"Alex," his supervisor, that he was going home sick.[1] Plaintiff then states,

> [Alex] told me it was not going to be looked at as if I was sick, it was going to be looked at as if I was refusing work. I told him I was not refusing work that I was just going home sick. So then I went and got shop steward Danny to tell Alex that I was going home sick. Me and Danny returned back to the supervisors office, when we got there Alex was gone. Shop steward Danny and I ran into Irvin when leaving the supervisors office. I told Irvin I was going home sick, and Irvin said to me clock out and go home and call Sheila.

(Compl. at 1.)

    6.   Plaintiff's facts are supplemented by an attached Charge of Discrimination form from the Equal Employment Opportunity Commission. In that form, Plaintiff states that he "went home sick due to [his] disability and was terminated. Respondent stated that [he] abandon[ed] his job." (EEOC Form, attached to Complaint [Docket Item 1], Liggon v. EEOC Phila Office et al., No. 15-cv-1473.) Plaintiff then asserts that he was discriminated against because of his race and because of his disability in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA"). (Id.) Plaintiff is African-American. His complaints name as defendants Simmons Pet Food, the Philadelphia

---

[1] Plaintiff does not identify in his one-page statement of facts where he was employed. According to a form from the Equal Employment Opportunity Commission which he attaches to one of his complaints, Plaintiff was a "Primary Mix Tank Operator" employed by Simmons PetFood in Pennsauken, New Jersey. (EEOC Form, attached to Complaint [Docket Item 1], Liggon v. EEOC Phila Office et al., No. 15-cv-1473.)

office of the EEOC, and the United Food and Commercial Workers Union.[2]

7.  To state a claim of discrimination under Title VII, a plaintiff must show that he belongs to a protected class; that he was subject to an adverse employment action despite being qualified for the position; and that, under circumstances that raise an inference of discriminatory action, similarly situated persons who are not members of the protected class were treated more favorably. See Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003) (citing McDonnell Douglas, 411 U.S. at 802); Abramson v. William Paterson College of New Jersey, 260 F.3d 265, 281-82 (3d Cir. 2001); Matczak v. Frankford Candy and Chocolate Co., 136 F.3d 933, 939 (3d Cir. 1997). To state a plausible claim of disability discrimination under the ADA, a plaintiff must plead that he is a disabled person within the meaning of the ADA; that he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations; and that he has suffered an otherwise adverse employment decision as a result of discrimination. See Shaner v. Synthes, 204 F.3d 494, 500 (3d Cir. 2001); Gaul v. Lucent Technologies, Inc., 134 F.3d 576, 580 (3d Cir. 1998). Although a plaintiff "'need not plead law or match facts to every element

---

[2] Plaintiff also names "Sheila Campbell" as a defendant in his Complaint against Simmons Pet Food, and "Ms. Yallejo-Benus" as a defendant in his Complaint against the Philadelphia office of the EEOC.

of a legal theory,'" <u>Krieger v. Fadely</u>, 211 F.3d 134, 136 (D.C. Cir. 2000) (quoting <u>Bennett v. Schmidt</u>, 153 F.3d 516, 518 (7th Cir. 1998))), he must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008). Plaintiff's Complaints do not satisfy Rule 8(a)(2) because they do not state a plausible claim of discrimination on the basis of race or disability.

8.   First, Plaintiff has not shown that he is entitled to protection under the ADA because he has not shown that he suffers from a disability. A person qualifies as "disabled" under the ADA, if he (1) has a physical or mental impairment that substantially limits one or more of his major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(1). Although the ADA's definition of disability "shall be construed in favor of broad coverage of individuals," Pub. L. No. 110-325, § 4(a), 122 Stat. at 35553, 3555 (2008), a temporary non-chronic impairment of short duration is not a disability within the meaning of the Act. <u>See</u> <u>Macfarlan v. Ivy Hill SNF, LLC</u>, 675 F.3d 266, 274 (3d Cir. 2012); <u>Rinehimer v. Cemcolift, Inc.</u>, 292 F.3d 375, 380 (3d Cir. 2002). Plaintiff appears to pin his claim of disability discrimination on the fact that he was fired because he was "not feeling well" and went home "sick" that day. But

nothing in the Complaints suggests that Plaintiff's illness on January 30th was related to a chronic, long-term impairment that substantially limited his life activities. And there is no indication that Plaintiff's employer regarded him as "disabled" within the meaning of the ADA, since the Complaint fails to show that the employer viewed Plaintiff's single day of sickness as substantially impairing his ability to work. See e.g., Amiot v. Kemper Ins. Co., 122 Fed. App'x 577, 580 (3d Cir. 2004) (affirming district court's dismissal of action because employee who took a leave of absence for psychiatric treatment failed to establish that he had disability within the meaning of the ADA); Kiniropoulos v. Northampton Cnty. Child Welfare Serv., 917 F. Supp. 2d 377, 384 (E.D. Pa. 2013) (granting motion to dismiss disability discrimination claim and finding that plaintiff was not regarded as disabled by employer where employer knew only that plaintiff could not work for a short period of time while recovering from an injury or surgery). Since no fair reading of these facts can support the inference that Plaintiff's temporary sickness qualified as a disability under the ADA, Plaintiff has failed to state a claim for relief for disability discrimination.

9. Plaintiff has also failed to state a claim of race discrimination. Nothing in the Complaints suggests that Plaintiff's termination was causally connected to the fact that he was African-American. Nor has Plaintiff identified any statement,

8

action, or circumstance where he was treated differently because of his protected status. Instead, the facts, as alleged by Plaintiff, suggest that he was fired because he missed work, not because of any racially discriminatory treatment. Although a complaint of employment discrimination need not contain specific facts establishing a *prima facie* case to survive a motion to dismiss, it must contain at least "sufficient factual matter" to support a reasonable inference that Defendant engaged in race discrimination against Plaintiff. Iqbal, 556 U.S. at 678. Ultimately, Plaintiff must demonstrate that the adverse employment action was taken with the intent to discriminate on the basis of race. The Complaints in this case fail to allege even a single specific act by Plaintiff's supervisors which would support Plaintiff's claim. Plaintiff's allegation of race discrimination is plainly conclusory and as such, does not state a plausible claim for relief. See, e.g., Henderson v. JP Morgan Chase Bank, N.A., 436 Fed. App'x 935, 937 (11th Cir. 2011) (dismissing race discrimination claim where plaintiff alleged only that she was black, was pre-qualified for a loan, and was rejected for the loan after the terms of the loan changed through the application process); Holmes v. Gates, 403 Fed. App'x 670, 673 (3d Cir. 2010) (generalized allegations of how employer wronged plaintiff were insufficient to state a claim of race discrimination under Title VII); Varol v. Pave-Rite, Inc., 2011 WL 6012964, at *3 (D.N.J. Nov. 30, 2011) (dismissing allegations of national origin

discrimination under Title VII because plaintiff, who was given a "hard time" at work and was not hired for another season, did not set forth any evidence of discrimination).

10. Additionally, the Court cannot identify a plausible claim for relief against Defendants "EEOC Phila Office" and "United Food and Commercial Workers Union." With respect to Plaintiff's Complaint against the EEOC in Civil Action No. 15-1473, Title VII does not give third parties an implied or express cause of action against the EEOC or its employees. See Ward v. Equal Employment Opportunity Comm'n, 719 F.2d 311, 313 (9th Cir. 1983) ("Only present or former employees of the EEOC (or applicants for employment) who allege an unlawful practice committed by the EEOC as an employer may bring a Title VII action against the EEOC."); see also Georator Corp. v. Equal Employment Opportunity Comm'n, 592 F.2d 765, 769 (4th Cir. 1979). To the extent Plaintiff asserts claims against the EEOC under 42 U.S.C. § 1981 or § 1983, those claims are barred by sovereign immunity. See Unimex, Inc. v. U.S. Dep't of Hous. and Urban Dev., 594 F.2d 1060, 1061 (5th Cir. 1979). There is no plausible basis for any claim by Mr. Liggon against the EEOC defendants, and the Complaint in Civil No. 15-1474 will be dismissed with prejudice.

11. As for Plaintiff's Complaint against the United Food and Commercial Workers Union (Civil No. 15-1474), the claim appears to be based on the union's decision not to proceed to

arbitration with Plaintiff's grievance. (See Letter from UFCW Local 152 to Plaintiff, attached to Complaint [Docket Item 1], Liggon v. United Food and Commercial Workers Union, No. 15-1474.) The Supreme Court has made clear, however, that an individual employee does not have an absolute right to have his grievance taken to arbitration. Vaca v. Sipes, 386 U.S. 171, 191 (1967) (noting that grievance and arbitration procedure "gives the union discretion . . . to invoke arbitration" so that "frivolous grievances are ended prior to the most costly and time-consuming step in the grievance procedures."). While a union member may file suit against his union for breach of the duty of fair representation, "a union does not breach its duty of fair representation, and thereby open up a suit by the employee for breach of contract, merely because it settled the grievance short of arbitration." Id. at 192. A claim of breach of duty of fair representation must assert that the union's conduct toward a member of the collective bargaining unit was arbitrary, discriminatory, or in bad faith. Vaca, Id. at 190; see also Kush v. United Food and Commercial Workers Union Local 152, 2013 WL 2096626, at *4 (D.N.J. May 14, 2013). Plaintiff has not alleged any facts to suggest that the Union's decision not to take his case to arbitration was unfair in one of those ways. Since the Court cannot rule out the possibility that Mr. Liggon could cure the deficiencies of his Complaint against the Union

in Civil No. 15-1474, the dismissal of this Complaint will be without prejudice.

    12.  In sum, and for all of the foregoing reasons, Plaintiff's Complaints in Civil No. 15-1472 and 15-1474 will be dismissed without prejudice for failure to comply with Rule 8(a)(1) and failure to state a claim pursuant to Rule 12(b)(6). If Plaintiff is able to cure these deficiencies, he may seek permission to file a single Amended Complaint against any proper defendant in Civil Nos. 15-1472 and 15-1474 against whom he is able to assert a cause of action arising from his termination within thirty (30) days hereof. Plaintiff's Complaint against defendants EEOC Philadelphia Office and Ms. Vallejo-Benus, et al., in Civil No. 15-1473, however, will be dismissed with prejudice, as the Court finds no prospect that Plaintiff could assert a plausible claim against them. The accompanying Order will be entered.

**March 13, 2015**                    **s/ Jerome B. Simandle**
Date                                JEROME B. SIMANDLE
                                        Chief U.S. District Judge